IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| PUNTO APARTE/CIMA PUBLICIDAD, INC., | : | Case No. 08-01350 (GAC) |
| | : | |
| DIERESIS PUBLIC RELATIONS, INC., | : | Case No. 08-01352 (GAC) |
| | : | |
| GRUPO CIMA, INC., | : | Case No. 08-01523 (GAC) |
| | : | |
| Debtors | : | Chapter 11 |
| _____ | : | |
| | : | |
| JESUS LATALLADI MAURAS, his spouse | : | |
| ANGELES ROSARIO ORTIZ and the | : | |
| Conjugal Partnership constituted | : | |
| by them; INMOBILIARIA CIMA, S.E., | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Adv. No. 08-00136 |
| | : | |
| GRUPO CIMA, INC., ET ALS. | : | |
| | : | |
| Defendants | : | |
| _____ | : | |

## <u>DECISION AND ORDER</u>

### <u>BACKGROUND</u>

On September 5, 2008, the debtor/defendants filed a Notice of Removal of a civil action, which had been commenced in local court on August 10, 2007, Civil Case No. KPE07-3611 (506). The local court proceeding against the debtors primarily sought compensation for breach of contract. The plaintiffs sold their business and leased premises to the debtors. Plaintiffs seek the money owed pursuant to a promissory note and back rent. The debtors filed a counterclaim alleging fraud. Until the filing of

1

their bankruptcy petitions on March 5 and March 13 of 2008, the debtors were actively engaged in the local court proceedings. The debtors' participation included appearing and arguing at an embargo hearing, at which the local court issued an order granting an embargo in the amount of $880,215, representing the amount due under the promissory note, which was subsequently affirmed by the Puerto Rico Court of Appeals.

On October 6, 2008, the plaintiffs filed a motion to remand the action to local court and/or requesting abstention (dkt. #7). The debtors opposed the request on November 5, 2008, arguing that the action is core because of their counterclaim against the plaintiffs (dkt. #14). The plaintiffs thereafter filed two motions in reply (dkts. # 18 and #21). The matter was heard on January 27, 2009.

DISCUSSION

The Judicial Code differentiates between core proceedings and non-core proceedings and includes a non-exhaustive list of core proceedings. See 28 U.S.C. § 157(b)(2). In the present case, the debtors argue that this action is a core proceeding because of their counterclaim against the plaintiffs. Among others, the debtors cite to 28 U.S.C. § 157(b)(2)(C), which provides that core proceedings include "counterclaims by the estate against persons filing claims against the estate" and to In re CBI Holding Co., Inc., 529 F.3d 432 (2nd Cir. 2008). However, this matter did not begin in the bankruptcy court with a

2

proof of claim filed by the plaintiffs and an objection to claim by the debtors. This matter was commenced prepetition in local court.

A case arises under Title 11, and is a core proceeding, if it involves a "cause of action created or determined by a statutory provision of the Bankruptcy Code." In re Santa Clara County Child Care Consortium, 223 B.R. 40, 43 (B.A.P. 1st Cir. 1998). See also In re Middlesex Power Equipment & Marine, Inc., 292 F.3d 61, 68 (1st Cir. 2002). Non-core proceedings are "claims 'concerned only with State law issues that did not arise in the core bankruptcy function of adjusting debtor-creditor rights.'" Arnold Print Works, Inc. v. Apkin (In re Arnold Print Works, Inc.), 815 F.2d 165, 167 (1st Cir. 1987)(quoting 130 Cong.Rec. H1848 (daily ed. March 21, 1984)(statement of Representative Kindness)). Stated another way, matters which do not involve rights created by federal bankruptcy law are non-core matters. Mec Steel Bldgs., Inc. v. San Lorenzo Construction (In re Mec Steel Bldgs., Inc.), 136 B.R. 606, 609 (Bankr. D.P.R. 1992). "If an action would survive outside of bankruptcy, and in the absence of bankruptcy would have been initiated in a state or district court, then it clearly involves a non-core matter." Id. (citations omitted).

Mec Steel Bldgs. involved a claim by the debtor for the collection of accounts receivable. The debtor argued that this involved administration of the estate and the turning over of

property of the estate, both core proceedings under 28 U.S.C. §
157(b)(2). The court in Mec Steel Bldgs. concluded that "actions
initiated in the bankruptcy court to collect prepetition account
receivables are clearly non-core matters and should not be
considered as matters affecting the administration of the estate
or actions for the turnover of property of the estate in order to
categorize them as core." Mec Steel Bldgs. 136 B.R. at 609
(citations omitted). Likewise, actions based on a prepetition
breach of contract are also non-core. See Matter of Candelero
Sand & Gravel, Inc., 66 B.R. 903, 906 (D.P.R. 1986); Ralls v.
Docktor Pet Ctrs., Inc., 177 B.R. 420, 427 (D.Mass. 1995)(holding
more expansively that action involving pre-petition contracts,
allegedly breached both before and after the filing of the
petition, is entirely a non-core matter related to a case arising
under Title 11).

This court concludes that all of the matters included within
the removed action are non-core, although clearly related to the
bankruptcy proceedings since they "potentially have some effect
on the bankruptcy estate, such as altering debtor's rights,
liabilities, options, or freedom of action, or otherwise have an
impact upon the handling and administration of the bankruptcy
estate." In re Middlesex Power Equipment & Marine, Inc., 292
F.3d at 68.

The plaintiffs have requested that the Court either abstain
from considering this adversary proceeding or that the Court

4

remand the case to the superior court of Puerto Rico.  The

mandatory abstention provisions codified in 28 U.S.C. §

1334(c)(2) apply to cases brought before the bankruptcy court

pursuant to the removal statute, 28 U.S.C. § 1452.  See C&A, S.E.

v. Puerto Rico Solid Waste Management Authority, 369 B.R. 87, 92

(D.P.R. 2007)(collecting cases).  It is unnecessary to consider

whether equitable grounds for remand exist when the case fits

within the parameters of mandatory abstention.  Id.

Mandatory abstention is required when: a timely motion to

abstain is filed; the claim is based upon a state law claim that

is only related to the bankruptcy case; the claim could not have

been brought in federal court absent the court's bankruptcy

jurisdiction; and the court finds that the claim can be timely

adjudicated in state court.  11 U.S.C. § 1334(c)(2).  "Pursuant

to section 1334(c)(2), the 'district court must abstain from

hearing a purely state law claim where there is no other basis

for federal jurisdiction other than its relatedness to a

bankruptcy proceeding (including one where the debtor is a party)

and where the claim can be timely adjudicated in state court.'"

In re Interamericas Turnkey Development Co., Inc., 94 B.R. 9, 13

(D.P.R. 1988), citing Matter of Candelero Sand & Gravel, Inc., 66

B.R. 903, 908 (D.P.R. 1986)(quoting State Bank of Lombard v.

Chart House, 46 B.R. 468, 472 (N.D.Ill. 1985)); see also Goya

Foods v. Unanue-Casal (In re Unanue-Casal), 164 B.R. 216, 222-23

(D.P.R. 1993)(discussing requirements for mandatory abstention),

aff'd., 32 F.3rd. 561 (1st Cir. 1994).

In the present case, the debtor/defendants filed a Notice of Removal of the local court proceeding on September 5, 2008. The plaintiffs filed a motion to remand on October 6, 2008. A motion for abstention filed a little over a month after the removal is timely. <u>C&A, S.E. v. Puerto Rico Solid Waste Management Authority</u>, 369 B.R. at 93. This is clearly a state law cause of action based on a prepetition breach of contract and the debtors counterclaims sound in fraud. As the Court has already concluded, the action is a non core proceeding removed under the related-to-jurisdiction of 28 U.S.C. § 1334(b). Absent the debtors' bankruptcy filings, jurisdiction over this action would be lacking since the parties are not of diverse citizenship and the actions are based on state law. The local court proceeding was commenced August 10, 2007, more than seven months prior to the bankruptcy filings and there is nothing to suggest that the action cannot be timely adjudicated in local court. Therefore, this Court concludes that the requirements for mandatory abstention are met and the action removed must be remanded to the superior court of Puerto Rico.

ORDER

WHEREFORE IT IS ORDERED that the plaintiffs' motion for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2)(dkt. #21) is GRANTED.  This action is hereby remanded to the Superior Court of Puerto Rico.

The Clerk shall enter judgment accordingly.

SO ORDERED.

San Juan, Puerto Rico this 30th day of January, 2009.

/s/ Gerardo A. Carlo

_____
Gerardo A. Carlo
U.S. Bankruptcy Judge